UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WINSTON J. DOUSSAN, JR.                    CIVIL ACTION

VERSUS                                      NUMBER: 07-7222

T.W. THOMPSON, WARDEN                       SECTION: "I"(5)

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Winston J. Doussan, Jr., and the State's response thereto. (Rec. docs. 1, 9). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Doussan's petition be dismissed with prejudice.

Petitioner Doussan is a state prisoner who is currently incarcerated at the J. Levy Dabadie Correctional Center, Pineville, Louisiana. On August 25, 2003, pursuant to a plea agreement with the State, Doussan pled guilty to possession of greater than sixty

pounds of marijuana in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, and was thereupon sentenced to twelve years at hard labor. (St. ct. rec., vol. 2 of 3). Doussan subsequently moved for reconsideration of his sentence which was granted on September 10, 2003 and he was resentenced to ten years at hard labor. (Id.). The State then filed a bill of information accusing Doussan of being a second felony offender under LSA-R.S. 15:529.1. Doussan denied the recidivism allegation. (Id.).

On December 15, 2003, Doussan filed a motion to withdraw his guilty plea, arguing that the State had violated the plea agreement by filing the multiple offender bill of information. (St. ct. rec., vol. 2 of 3). Following a hearing on January 28, 2004, the trial judge granted Doussan's motion on February 3, 2004 and set aside his guilty plea. (Id.). Through counsel, Doussan filed a flurry of motions, including a motion to suppress the evidence that was seized pursuant to a search that was conducted incident to his arrest. (Id.). A hearing was held on the motion on March 16, 2004 and the trial judge issued written reasons denying Doussan's motion three days later. (Id.). From that unfavorable ruling, Doussan then sought writs from the Louisiana Fifth Circuit Court of Appeal which, on May 10, 2004, denied the application and affirmed the ruling of the trial court. State v. Doussan, No. 04-K-412 (La. App.

5th Cir. May 10, 2004)(unpublished order).

On May 26, 2004, Doussan again pled guilty to the charged offense but reserved his right to appeal the adverse pretrial suppression ruling under State v. Cosby, 338 So.2d 584 (La. 1976). Pursuant to the terms of this second plea agreement, Doussan was sentenced to fifteen years in the custody of the Louisiana Department of Corrections with credit for time served and no multiple bill. (St. ct. rec., vol. 2 of 3). Through counsel, Doussan then took a direct appeal to the Louisiana Fifth Circuit, again complaining of the trial court's denial of his motion to suppress. On February 14, 2006, the Louisiana Fifth Circuit affirmed Doussan's conviction and sentence but remanded the matter to the trial court with instructions to advise petitioner of the prescriptive period for seeking post-conviction relief. State v. Doussan, 924 So.2d 333 (La. App. 5th Cir. 2006). In his subsequent writ application to the Louisiana Supreme Court, Doussan continued his pursuit of the suppression issue. (St. ct. rec., vol. 3 of 3). Unfortunately for him, the Louisiana Supreme Court denied his writ application on October 13, 2006. State v. Doussan, 939 So.2d 372 (La. 2006). The instant proceeding follows.

In the above-captioned petition brought pursuant to §2254, Doussan presents the same Fourth Amendment suppression issue that he litigated through all three levels of the state court system.

3

(Rec. doc. 1-2, pp. 1-14). The State concedes that state court remedies have been exhausted as required by §2254(b)(1)(A) and that the petition was timely-filed under 28 U.S.C. §2244. (Rec. doc. 9, p. 3).

The Court need not pause long over Doussan's sole claim for habeas corpus relief. Under the teachings of Stone v. Powell, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052 (1976)(footnotes omitted), "...where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." It is the mere opportunity to present a Fourth Amendment claim to the state trial and appellate courts, whether or not that opportunity is actually exercised or is unsuccessful, that forms the cornerstone of the Stone prohibition absent sufficient factual allegations and proof that the state process is routinely and systematically applied in such a way as to prevent the actual litigation of such claims on the merits. Janecka v. Cockrell, 301 F.3d 316, 320-21 (5th Cir. 2002), cert. denied, 537 U.S. 1196, 123 S.Ct. 1264 (2003); Bell v. Lynaugh, 828 F.2d 1085, 1091-92 (5th Cir.), cert. denied, 484 U.S. 933, 108 S. Ct. 310 (1987); Joshua v. Maggio, 674 F.2d 376, 377 (5th Cir.), cert. denied, 459 U.S. 922, 103 S.Ct. 351 (1982); Smith v. Maggio, 664 F.2d 109, 111 (5th Cir.

4

1981); Williams v. Brown, 609 F.2d 216, 220 (5th Cir. 1980). A "full and fair" hearing as contemplated by Stone refers to thoughtful consideration by the factfinder and at least the availability of meaningful appellate review by a higher state court. Davis v. Blackburn, 803 F.2d 807, 808 (5th Cir. 1986); O'Berry v. Wainwright, 546 F.2d 1204, 1213 (5th Cir.), cert. denied, 433 U.S. 911, 97 S. Ct. 2981 (1977).

In the instant case, not only was petitioner provided an opportunity to litigate his Fourth Amendment claim in the state court system, he actually availed himself of that opportunity by way of a full-blown suppression hearing at the trial court level, a writ application and subsequent direct criminal appeal to the Louisiana Fifth Circuit Court of Appeal, and, thereafter, via an unsuccessful request for supervisory writs from the Louisiana Supreme Court. That being the case, Stone bars consideration of Doussan's Fourth Amendment claim here.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Winston J. Doussan, Jr. be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served

with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  12th  day of     March    , 2009.

                                          _____
                                                    ALMA L. CHASEZ
                                UNITED STATES MAGISTRATE JUDGE